# LIABILITY OF REMOTE TRANSFEREE OF AN INVALID PROMISSORY NOTE.

Court of Common Pleas of Richland County.

## J. C. VOELKER v. JOHN A. ARRAS.*

Decided, June 5, 1919.

*Promissory Note—Executed for an Invalid Consideration—Action Against the Vendor—Warranty Embodied in a Qualified Endorsement with Delivery—Nature of Action Brought by Subsequent Owner—Estoppel—Presumption—Liability Without Notice of Dishonor and Demand for Payment.*

1. A promissory note and a mortgage executed and delivered to secure the payment of the same, given by a third party to suppress a criminal prosecution on the charge of embezzlement of funds by an employee, are both void, and no action can be predicated on either the note or the mortgage.

2. The vendor of a promissory note by delivery and qualified endorsement, notwithstanding such indorsement, "without recourse on me," after due, for value, warrants, among other things, that the note is founded on a valid consideration, and this warranty extends to a remote transferee of the note, Section 8143 and 8170 G. C.

3. In such case a subsequent owner and holder of the note for value can maintain an action for the amount paid by him for the note with interest thereon from the date of its purchase, on the breach of the warranty, against the original payee who endorsed the note, provided the owner and holder thereof has no knowledge of the invalidity of the consideration, at, on, or before the purchase of the same, and provided further, he is unable to enforce collection of the note from the maker by reason of the invalidity of the consideration of the note, and provided further the immediate indorsee is execution proof.

4. In such case the action is not technically an action on the note, but an action for damages on the breach of the warranty in the indorsement by the endorser as a vendor of the note, for that the note is not what it purports to be, a valid obligation of the maker.

5. In such action the payee and endorser is estopped to set up a claim or claim his want of knowledge of the invalidity of the consideration of the note and mortgage, for he had knowledge of the fact which impaired the validity of the instrument, Section 8170 General Code.

*Affirmed by the Court of Appeals without report, September 5, 1919.

6. The fact that a party purchased a promissory note after the same is due, in and of itself raises no legal presumption against him that he knew the invalidity of the consideration.

7. If a promissory note is void for illegality of consideration, the in-endorser is liable without notice of dishonor and demand for payment on the maker.

Statement of counsel:

The note involved in the case was in the following words and figures:

"Mansfield, Ohio, Dec. 12, 1913.

"$560.00

"One year after date, without grace, we jointly and severally as principal debtors promise to pay to John A. Arras or order Five Hundred and sixty dollars with interest payable semi-annually at six per cent.

"(Also containing regular cognovit power.)

"(Signed)   Joseph Frederick Kibler,
"Mary  Kibler.

"This note secured by mortgage."

The note bears the following indorsements:

"'J. A. Arras without recourse to me.'   June 17th, 1915.
"'J. A. Jacob, without recourse to me.'   Sept. 25, 1916."

Prior to the present suit the plaintiff herein had brought suit against the makers of the mortgage to obtain possession of the premises described in the mortgage under the terms of the mortgage, the same having been transferred from and to the parties named in the endorsements on the note on the dates of the transfer of the note.   The plaintiff had failed in this suit, for the reason that the mortgage was given to secure the payment of a note based upon an illegal consideration.

The plaintiff in the present case recovered a verdict and judgment against the defendant in the trial court for the amount paid by him for the note together with interest thereon from the date of its purchase by him, and this judgment was affirmed by the Richland Court of Appeals, Sept. 5, 1919, without report, said court finding and holding this charge of the trial court to be in all respects a correct statement of the law.

C. H. Workman and Geo. A. McGrath, for plaintiff.
C. E. McBride and J. P. Seward, contra.

## CHARGE TO THE JURY.

### By Judge J. W. Galbraith.

Gentlemen of the jury:

In this action the plaintiff seeks to recover $750 damages from the defendant as the vendor or seller of a note, secured by a mortgage, which plaintiff alleges had been executed and given to defendant for an illegal consideration and which was therefore void and of no value, which fact it is alleged the defendant knew when he sold same, but of which plaintiff had no knowledge at the time of his purchase of said note and mortgage.

The pleadings in this case—the petition and answer—containing allegations many of which are admitted, or not in dispute, and some which require no denial, I will not read to you, but will separate and present to you the material matters which are in dispute and which are for your determination.

These pleadings, however, you will have with you in your retirement. You are at liberty to refer to them to refresh your minds upon the claims and contentions of the parties, but they are not to be considered as evidence, simply because they are sworn to, nor for any other purpose than to discover the assertion of the respective claims of the parties.

Strictly, or technically, speaking this action is not one upon the written instrument itself but is one to recover damages in an amount *alleged* to have been paid for such note by the plaintiff, and interest thereon, because of its alleged want of value.

It is the statutory law of this state that *every person negotiating, or selling, a note* such as is referred to in this action, by what is called a qualified endorsement—"without recourse to me"—such as is alleged and admitted by the pleadings in this action, warrants as fully as though it was specifically set forth with his endorsement that he has no knowledge of any fact, which would impair the validity of the instrument or render it valueless.

It is alleged in the petition that said note and mortgage was given by Joseph Frederick Kibler and Mary Kibler to the de-

fendant J..A. Arras, to suppress a criminal prosecution against their son—LeRoy Kibler, and it is admitted by the answer that the consideration of said note was the settlement of a criminal prosecution against said son.

I charge you as a matter of law that this statement that it was given to suppress, and the admission that it was given as the settlement, of a criminal prosecution, as plead, is one and the same thing; and, that such a consideration for a note is illegal, and a note given for such a purpose is void and uncollectible from its maker by legal proceedings.

It is also alleged in the petition and admitted by the answer that this defendant endorsed said note to one J. A. Jacobs, by the form and words "J. A. Arras without recourse to me" and at the same time transferred said mortgage to the said Jacobs.

These admitted facts, as well as any others which may have been admitted on this trial, require no evidence to establish but are to be taken as true.

The material facts which are alleged by plaintiff and denied by defendant, are as follows:

(1)   That on or about September 25, 1916, the said J. A. Jacobs, for a valuable consideration, indorsed said note and transferred said mortgage to plaintiff by indorsement "J. A. Jacobs without recourse to me," and that plaintiff is now the owner and holder of said note and mortgage.

(2)   That plaintiff was unaware of any illegality in the consideration of said note and mortgage at, on, or before, the date he became the owner thereof by endorsement from the said J. A. Jacobs, and was not aware thereof until after his purchase.

(3)   That the principal and interest thereof has not been paid.

(4)   That plaintiff is unable to collect from the makers on said note and mortgage because of the invalidity of the consideration.

(5)   That said J. A. Jacobs has no property subject to execution from which plaintiff can recover.

(6)   That by reason thereof plaintiff has sustained damages in the sum of $750, or in some amount.

And for proof of these facts which are alleged by plaintiff and denied by defendant the plaintiff assumes the burden of proof and must establish the same by a preponderance of the evidence before he is entitled to a verdict at your hands.

By a preponderance of the evidence is meant the greater weight—that which weighs more or is more convincing to your minds than all evidence to the contrary.

If the plaintiff has established all of such facts by such degree of proof then he is entitled to a verdict for the damages actually sustained by him by reason thereof.

If the plaintiff has failed to establish such facts by such degree of proof then your verdict should be for defendant.

As a matter of law you are instructed that the statutory warranty against defect in validity of consideration (from the manner the transfers are alleged to have been made in this case), would inure to the benefit of plaintiff against defendant as fully as to the immediate transferee of defendant—J. A. Jacobs—if you find from the evidence that the transfer from Jacobs to plaintiff was made as alleged in the petition, and at such time plaintiff had no notice or knowledge of the illegality of the consideration.

While indorsers are liable *prima facia* in the order in which they indorse and ordinarily plaintiff would first be compelled to pursue J. A. Jacobs the one who had endorsed and transferred said note to him; if you find from the evidence that the plaintiff has failed to do so, but that J. A. Jacobs has no property subject to execution, and that plaintiff could not effect a collection from him, even if he were to recover a judgment against him, then I charge you, as a matter of law, that plaintiff has a right to bring his action directly, and in the first instance, against defendant as a prior endorser.

A question is presented, in this case—one of the essential elements of plaintiff's right to recover, of his want of notice or knowledge of the invalidity of the consideration for such note and mortgage.

If plaintiff at or before the time of his alleged purchase of said note and mortgage knew that it was given in settlement of or to suppress a criminal prosecution then plaintiff can not recover in this case.

Knowledge of the infirmity in the consideration of said note on the part of Jacobs would not be notice or knowledge to charge this plaintiff, unless you find from the evidence that actual notice or such knowledge was brought to the attention of plaintiff at the time or before, he took such note and mortgage by endorsement and transfer and paid for the same whatever the consideration therefor was, if anything.

It is alleged by plaintiff that the note and mortgage in question was endorsed to the said J. A. Jacobs on or about June 17, 1915, and by him endorsed to plaintiff on or about Sept. 25, 1916; and the note shows on its face that it became due on Dec. 12, 1914—in other words both Jacob and plaintiff took said note after it became due.

It is the law that one who takes or purchases a note after it is due is not a holder in due course, and takes such note subject to any defenses which might be asserted *by the maker* against the payee, or the person to whom originally given; in other words *as to the maker of the note* the holder, in such case, is presumed to have knowledge of all defects in the note; but this legal presumption of said notice does not inure to the benefit of an endorser to relieve him from his liability to an endorsee on the warranty, of the statute, that the endorser's title to the note is good and that there is no invalidity of consideration.

The mere fact that the endorsee—plaintiff herein—become the purchaser, if he did, of the note a long time after the same was due would not raise a legal presumption against him that at the time of the purchase he knew the note was invalid; but the fact as to the date of his purchase would be a circumstance which may be taken into consideration with all the other evidence in the case to determine whether or not plaintiff, as an endorsee and purchaser, had notice, or should be chargeable with such knowledge.

On account of objections made to certain remarks in argument, in reference thereto, I again call your attention to an instruction of the court at the time of its admission of original files, as part of the record of the case in the Court of Common Pleas of Crawford county, Ohio—plaintiff's Exhibits A. B. D. and F.

These exhibits were admitted, on behalf of plaintiff, only as tending to show an effort of plaintiff to realize against the makers—Kibler—on the mortgage security of this note here in controversy—the nature of the defense of the makers, in such action; and the result of such action; and the mere fact that the pleadings in such case were sworn to, do not make them evidence or proof in this case of the facts alleged in such pleadings, and you have no right to consider them or any other purpose than that for which they were permitted to be introduced as I have explained to you.

*Upon the question of defendant's knowledge* or notice of the infirmity in said note—the illegality of the consideration—I charge you as a matter of law that every person is charged with notice and knowledge of what by law he is supposed or required to know; and the purpose of the original giving of said note in settlement of a criminal prosecution being known by him, he is legally charged with notice of its invalidity on such ground and upon that point plaintiff was not required to make proof.

So, gentlemen of the jury, if by a preponderance of the evidence and under the rules of law which I have given you, you find that plaintiff is the owner and holder of the note in question; that he become such owner and holder for a valuable consideration from J. A. Jacobs; that at and before the time he became such owner and holder he had no notice or knowledge of the invalidity of its consideration; that the principal and interest called for in said note is unpaid; that because of such invalidity plaintiff is unable to collect the same from the makers of such note, and that J. A. Jacob, plaintiff's immediate endorser, is legally uncollectible; then plaintiff is entitled to a verdict at your hands against defendant for the damages sustained by plaintiff by reason of defendant's prior ownership, sale and endorsement of said note; and the measure of such damage would be the value of the consideration given or paid by plaintiff to said Jacobs for such note, together with interest on such amount from the date of plaintiff's purchase of such note to the first day of this term of court, which is. April 7, 1919.

If, however, plaintiff has failed to establish, by a preponderance of the evidence, all or any one of such essential facts, then your verdict should be for defendant.

You are the sole judges of the facts, the credibility of the witnesses and the weight to be given to their testimony.

The law in this case you will take from the court, as given in these instructions.

When you find the facts, you will apply the facts so found to the instructions given.

In determining the credibility of the witnesses and the weight to be given to their testimony you will take into consideration their demeanor and manner on the witness stand; their interest, if any, in the controversy; the apparent truthfulness or untruthfulness of their stories; the reasonableness or unreasonableness of their testimony; their knowledge concerning the matters about which they testify; their bias or prejudice, if any is shown—take all these matters into consideration and give to the testimony of each witness such weight and such credit as you believe is fairly entitled to.

Two forms of verdict will be given you, to meet your possible conclusions.

If you find for plaintiff you will add interest to the amount found due him for the time I have mentioned and include same in your verdict.

If you find the issues against plaintiff you will simply return a general verdict for defendant.

At least three-fourths or nine of your number, must agree upon the verdict rendered and when you have so agreed your verdict should be signed by all of those agreeing and returned into court.

You may retire.